**Opinion filed June 18, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00079-CV

_____

## KEITH RUSSELL JUDD, Appellant

## V.

## KAREN Y. COREY-STEELE, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-103,828**

### M E M O R A N D U M   O P I N I O N

Keith Russell Judd filed notices of appeal in this court on April 2, 2009, and on April 3, 2009. Judd appeared to be challenging the trial court's 1998 judgment. Therefore, the clerk of this court wrote the parties stating that it appeared an appeal had not been timely perfected and requesting appellant to file a response showing grounds for continuing this appeal.

In his response, appellant asks this court to take judicial notice of the trial court's 1998 judgment. By doing so, appellant contends that the jurisdiction of this court will be invoked by his 2009 notices of appeal. We disagree.

In order to perfect an appeal from a final judgment, an appellant must comply with TEX. R. APP. P. 25.1. Rule 25.1(a) states that an appeal is perfected when the notice of appeal is timely filed. TEX. R. APP. P. 26.1 provides that the notice of appeal must be filed within thirty days from the date the judgment is signed if no motion for new trial is filed or within ninety days from the date the judgment is signed if a motion for new trial is filed. An extension of fifteen days may be granted provided that appellant complies with TEX. R. APP. P. 26.3 and provides a reasonable explanation for the failure to file the notice of appeal within the original time frame. *Verburgt v. Dorner*, 959 S.W.2d 615 (Tex. 1997). Neither case law nor the Rules of Appellate Procedure allow an intermediate appellate court to have jurisdiction over a case where the notice of appeal is filed over eleven years after the judgment was signed.

Therefore, this appeal is dismissed for want of jurisdiction.

PER CURIAM

June 18, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.